HOOD, Judge.
Plaintiff, John H. Hodnett, obtained the issuance of a rule directing defendant, Mrs. Lola Hodnett, to show cause why the alimony payments which he previously had been ordered to make should not be eliminated or reduced. Judgment was rendered by the trial court reducing the alimony payments from $285.00 to $230.00 per month. Plaintiff appealed.
The issue presented is whether defendant is entitled to recover alimony from her former husband, and if so, whether the award of $230.00 per month is excessive.
A judgment was rendered on December 18, 1970, decreeing a divorce between the parties and ordering plaintiff to pay to Mrs. Hodnett alimony and child support in the amount of $350.00 per month. The child became emancipated shortly thereafter, and judgment was rendered on March 23, 1971, ordering plaintiff to pay alimony to Mrs. Hodnett in the amount of $285.00 per month.
Plaintiff instituted this action on July 14, 1976, seeking to be relieved completely from the payment of alimony to his former wife, or alternatively to have the amount of the earlier award reduced. He contends that he is entitled to that relief because his former wife, due to a change in circumstances, now has sufficient means for her support.
Mrs. Hodnett is presently employed and she has a net income of $71.00 per week from that employment. She also earns $6.00 per day for working as a sitter about four months out of each year. She has no other income.
She owns the home in which she lives in Lafayette. That horpe is worth $41,000.00, but it is affected by a mortgage which secures the payment of a debt of about $10,000.00, and defendant testified without contradiction that “It needs a roof very bad and it needs a good paint job.” A small building, described by defendant as a “shack,” is located behind her home. Mrs. Hodnett rented that building out as an apartment three or four years ago, but it has not been occupied since that time, except that defendant’s daughter lived in it for about three months in 1975. Defendant indicated that she is not willing to rent it again, since it is located within 20 feet of her back door.
Mrs. Hodnett has no dependents. She bought a 1974 Toyota automobile in 1975, and she makes payments of $100.00 per month on the purchase price. She has a balance of about $200.00 in her checking account. She does not have a savings account of any kind, and she owns no stocks or bonds or any other assets.
Defendant submitted a list of her expenses, showing that she needs $569.13 per month for her support. It appears to us that she is reasonable and conservative in her claims. No effort was made by plaintiff to contradict her testimony as to her needs.
Mr. Hodnett receives a gross income of $1,746.76 per month. He remarried on March 23, 1973, and he and his second wife have a two-year-old child. His wife is a nurse, and she has a substantial income in addition to that of plaintiff. Her earnings in 1976, up to the time of the trial, averaged about $579.00 per month.
*19 The trial judge found that Mrs. Hodnett needs $570.00 per month for her support, and that she has an income of approximately $340.00 per month. He rendered judgment, therefore, ordering plaintiff to pay alimony to defendant in the amount of $230.00 per month.
Plaintiff does not contend on this appeal that he is financially unable to make the alimony payments which he previously was ordered to pay. He takes the position only that defendant now has sufficient means with which to meet her needs. His principal argument is that Mrs. Hodnett has an equity in her home of $31,000.00, or at least of $25,000.00, after deducting closing costs and realtor’s fees following a sale of the premises, and that “the equity in her home must be considered with her income as ‘all of her means.’ ” He concedes that defendant should not be forced to sell her home, but he argues that she should be considered as receiving income in the amount which she would receive if she should sell it and invest the proceeds of that sale. He contends that if she would sell and invest the purchase price, she would receive an income of about $109.37 per month from the investment, and she would be relieved of the burden of making payments on the mortgage note and other maintenance expenses, which amount to $179.25 per month. His argument, as we understand it, is that in computing the amount of alimony which plaintiff should be condemned to pay, we should deduct $180.00 from defendant’s claimed living expenses, and we also should include in our computations a finding that she has an additional income of $109.37 per month. We do not agree with that argument.
A wife is not required to sell her home or to deplete her assets entirely before she is entitled to alimony under LSA-C.C. art. 160. Gautreaux v. Cormier, 315 So.2d 164 (La.App. 3 Cir. 1975); Procell v. Procell, 226 So.2d 590 (La.App. 2 Cir. 1969); Morgan v. Morgan, 260 So.2d 336 (La.App. 4 Cir. 1972); Latour v. Guilbeau, 256 So.2d 731 (La.App. 3 Cir. 1972). This is true particularly, we think, in a case such as the instant suit, where the wife is occupying the real property she owns as her home. By doing so she eliminates from her living expenses the cost of renting an apartment or another home, which may offset all or at least a part of the income she would derive from the leasing or sale of her property.
We distinguish the cases relied on by plaintiff. In Gautreaux v. Cormier, supra, for instance, the residence building owned by the wife was income producing property. She was not using it and did not need to use it as her residence. We held that under those circumstances the wife should be credited with receiving the income which the property would bring if leased to a tenant, but that she should not be required to sell the property. In Frederic v. Frederic, 302 So.2d 903 (La.1974), and in Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950), the wife had substantial assets, including cash, or bonds, or other income producing capital, and the Supreme Court merely applied the established rule that all of the wife’s assets, as well as her income, should be considered in determining whether she has sufficient means for her support.
We have considered all of the wife’s assets in the instant suit, which consist largely of her equity in the property occupied by her as her home. We find that that property is not an income producing capital asset. The income which she might obtain by vacating the homeplace and renting or selling it may be offset by the rental she would have to pay for another place in which to live. We hold that under the circumstances presented here defendant should not be compelled to sell or rent her home, and she should not be credited with the income she would be able to derive from it in the event she should rent or dispose of it.
We also cannot agree with plaintiff that Mrs. Hodnett should be required to rent the apartment located behind her home, or that she should be credited with “a reasonable amount for said rent.” Since the apartment is near defendant’s back door, we think it must be treated as a part of the residence. The facts do not show *20 that that apartment ever became an income producing capital asset, separate from the residence. Under the circumstances presented here, we conclude that defendant should not be required to rent out rooms in or parts of the residence she occupies as a home, or that she should be credited with the amount of rent she could obtain in the event she should rent them to tenants.
In the instant suit, we conclude that defendant is without sufficient means for her support, and that she is entitled to alimony under LSA-C.C. art. 160.
The trial judge is vested with much discretion in fixing the amount of alimony which the wife should receive, and the award of alimony made by him will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. Johnson v. Johnson, 293 So.2d 213 (La.App. 3 Cir. 1974); Cormier v. Cormier, 345 So.2d 228 (La.App. 3 Cir. 1977). We find no abuse of discretion on the part of the trial judge in this instance.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.