LEMMON, Judge.
' The appeal by William Meyer under Docket No. 8777 questions that part of a February, 1977 divorce judgment which granted his wife alimony under C.C. art. 160 in the amount of $600.00 per month.[1] Issues raised in this court are (1) whether Mrs. Meyer had sufficient means for her support and (2) whether the amount of the award was within the trial court’s discretion. The trial court’s finding that Mrs. Meyer was free from fault and the award of child support at the rate of $500.00 per month for the one minor child are not contested.
I
At the time of trial Mrs. Meyer had no income and was not employed, although she had attempted to secure employment. She had earned less than $400.00 in 1976. She owned a lot of vacant ground in Mississippi, which her parents had purchased for her for $5,000.00, and the parents were still making mortgage payments, the balance being $3,500.00. She had also borrowed $3,000.00 from her parents “to help me with the divorce, the accountant and everything”.
In support of his contention that his former wife had sufficient means for her support, Mr. Meyer asserts that her share of the unpartitioned community property is worth at least $80,000.00.[2] The principal community asset is a one-half interest in a business enterprise operated as an equal partnership by Mr. Meyer and his’ brother (along with a community interest in pay *834 ments on the immovable property where the business is located), but Mrs. Meyer receives no income therefrom. Other assets are a negligible amount of cash, the cash value of life insurance, the community home and furnishings (occupied by Mr. Meyer), two automobiles, and miscellaneous movable property.
In the determination of what constitutes “means” within the contemplation of C.C. art. 160, the nature of the property is a very relevant factor. And the fact that the property is unpartitioned community property is another relevant consideration in this case.
Mrs. Meyer simply did not currently have “available resources, such as property or money, from which the wants of life may be supplied”. Ward v. Ward, 339 So.2d 839 (La.1976). She had no presently available “means” to purchase food, clothing, shelter and other basic necessities.
The consequence of liquidation is another relevant factor in determining “means” for support. Loyocano v. Loyocano, 358 So.2d 304 (La.1978), rehearing granted. Mr. Meyer’s argument that his former wife has sufficient means for her support (because she owns an interest in unpartitioned community property, although that interest produces no income to her and does not otherwise furnish her with present means for her support) implicitly contends that she must either accept his settlement offer or file for a partition by licitation in order to be entitled to alimony. But certainly she should not be denied alimony because of refusing to accept a settlement offer when the reasonableness of the offer has not been shown and is apparently subject to substantial dispute. Furthermore, denial of alimony because a wife has the right to demand a judicial partition (a right likewise available to the husband) would compel her to seek a hasty forced sale which may result in detriment to both parties.
The more prudent approach, under the circumstances of this case, is to require the husband to pay alimony to the wife sufficient for her maintenance until the community is settled or until some provision is made to provide support to her through a partial distribution of the property or an advance on the settlement.[3]
We conclude that although Mrs. Meyer did own an interest in substantial community property, that interest was not then available as a “means” for her to purchase basic necessities and therefore did not then provide her with “means” for her support.
II
As to the amount of the award, Mr. Meyer conceded his ability to pay the amount of $600.00 demanded in the petition.
Mrs. Meyer itemized her needs based on current expenses at $844.73. While some of the items did not qualify as necessary for maintenance, we cannot say the trial judge abused his discretion in setting the alimony at $600.00.
III
The appeal under Docket No. 9136 involves a judgment denying a motion to terminate or decrease alimony.
After the February, 1977 divorce judgment which set alimony under C.C. art. 160 at $600.00 per month, Mr. Meyer filed a motion to terminate or reduce alimony on the basis that his former wife was gainfully employed.
*835 At the July, 1977 trial of the rule Mrs. Meyer was working part-time for a florist, earning $2.00 per hour, with average weekly net earnings of $71.00. However, her expenses had also increased. She had purchased an automobile and was paying monthly installments of $131.90; her automobile insurance had increased substantially; her hospitalization insurance had risen; her medical expenses increased sharply because of an allergy requiring medical treatment and frequent medication; and her employment expenses included a license, cost of uniforms and association dues. She also testified that she had borrowed an additional $2,000.00 from her parents.
Many factors, including the relative financial positions of the parties, bear upon the determination of what amount should be awarded for the wife’s maintenance.[4] Applying the rule of reasonableness here and noting that the original award of $600.00 was exactly the amount demanded, we cannot say that the trial judge abused his discretion in continuing alimony at $600.00 in the light of all factors and circumstances.
The judgment is affirmed.

AFFIRMED.

. Two separate appeals from separate judgments after separate trials in the district court were consolidated for argument in this court. The appeal under Docket No. 9136, from a judgment denying a subsequent motion to terminate alimony, will be discussed separately.

. The community property was listed in a court-ordered inventory, the valuations of which are disputed. Mr. Meyer’s assertion of an $80,000.00 valuation is founded on his rejected offer to pay her that sum in settlement of the community.
We note that the inventory was not introduced into evidence, and the items and evaluations were not subject to cross-examination. For purposes of disposing of this appeal we rely primarily on the apparently undisputed fact that the principal asset was the interest in the ongoing business partnership.

. Judges Redmann and Lemmon acknowledge their reasoning is influenced by the belief that (although the issue is not now before us) a husband who uses his separate funds to pay alimony pending settlement of a substantial community is really granting an advance on the settlement and thus would be entitled to a credit in the final settlement.
This reasoning is analogous to that expressed by the Supreme Court in Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950), which emphasized the “highly inequitable” nature of the situation after a community property settlement if the wife is permitted to retain her property while the husband is required to deplete his. This observation should apply equally to theoretical depletion of one share and not the other before the community property settlement.

. In the cases cited by Mr. Meyer which granted reduction or termination of alimony, there was evidence showing the wife’s financial position had been improved somewhat, but an important balancing factor was the husband’s limited ability to pay alimony.