CUTRER, Judge.
These two cases were consolidated for trial. The record reveals the following facts.
On October 13, 1978, Ok Hui Pak Austin filed suit for legal separation and alimony from William B. Austin. Austin filed no answer. On November 2, 1978, a preliminary default was entered. On December 12, 1978, the default was confirmed and judgment was rendered in favor of Ok Hui Pak Austin granting her a separation from William B. Austin and awarding her alimony pendente lite in the amount of $500 per month. No appeal was taken and thus the separation and alimony judgment became final. On February 13, 1979, Ok Hui Pak Austin filed a rule for past due alimony.
William B. Austin and Claire Marie Austin filed a suit for declaratory judgment. The rule for past due alimony and the suit for declaratory judgment were consolidated for trial.
The petition of William B. Austin and Claire Marie alleged, in part, that:
“2.
“That your petitioners were married on March 24, 1956 in Montijny-Les-Metz, France, Department of Moselle.
3.
“That on December 12,1978 defendant, Ok Hui Pak, was awarded a judgment in her favor by this Honorable Court, in an action for a separation a mensa et thoro, wherein she appeared as plaintiff, said action being styled “Ok Hui Pak Austin versus William B. Austin”, bearing No. 31,361.
“4.
“That in said suit for separation William B. Austin, petitioner herein, was cast in judgment and ordered to pay unto defendant herein the sum of Five Hundred and No/100 ($500.00) Dollars per month alimony pendente lite.
“5.
“That defendant bases the legality of her marriage to petitioner, William B. Austin, upon a ceremoney [sic] allegedly performed in Newton County, Texas on or about January 18, 1977.
* * * * * *
“8.
“That the purported marriage between William B. Austin and Ok Hui Pak was in fact invalid and of no force or effect in law whatsoever.
******
“10.
“That your petitioner, Claire Marie Austin, was not given any notice of said Mexican divorce proceeding, nor did she enter an appearance or execute a waiver therein.
* * * * * *
“13.
“That petitioners face the possibility of having their community property depleted by defendant herein because of the uncertainty as to their marital status.”
The petition prayed for a judgment invalidating the marriage between William Aus *622 tin and Ok Hui Pak, and asked the court to declare that a putative marriage never existed between Austin and Ok Hui Pak. Also, the court was asked to declare valid the marriage of Austin and Claire Marie. The petition also requested that a rule issue to Ok Hui Pak ordering her to. show cause why the judgment of separation and alimony should not be declared null and void.
Following trial of these consolidated matters, the trial court rendered judgment holding that Austin’s Mexican divorce from Claire Marie was invalid, thus the marriage between Austin and Claire Marie was still effective. The marriage between Austin and Ok Hui Pak was declared invalid. The court, held, however, that the marriage between Austin and Ok Hui Pak was a putative marriage, as Ok Hui Pak entered into the marriage in good faith. The trial judge in his reasons for judgment ruled that Austin could not attack the judgment for separation and alimony by means of the declaratory judgment petition, coupled with a rule for nullity, as that was a collateral attack upon a judgment that had become final. The rule for past due alimony was made peremptory and judgment was rendered accordingly.
From this judgment, Austin appeals, contending that the trial court erred in not declaring null the judgment for separation and alimony pendente lite since the court had ruled in this proceeding that the marriage between Austin and Ok Hui Pak was invalid. The thrust of Austin’s contention is that he should not be made to pay past due alimony under the separation and alimony judgment since the marriage was declared null and void.
We agree with the trial judge who ruled that past due alimony was due under the previously rendered separation and alimony judgment as such judgment was final and could not be collaterally attacked.
The petition for declaratory judgment herein alleges the invalidity of the marriage between Austin and Ok Hui Pak and sets forth the reasons for such invalidity. On the basis of such allegations of invalidity, the court was then asked, by rule, to declare the judgment of separation and alimony to be null and void. Under these circumstances, it follows that the petition is a collateral attack on the separation and alimony judgment which had become final.
“No principle of law has received greater and more frequent sanctions, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio.” Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865, at 868 (1962).
In view of the law and jurisprudence above, the use of the declaratory judgment petition by Austin to collaterally attack the existing separation and alimony judgment is inappropriate.
Austin further contends that, as a matter of fact, Ok Hui Pak was not in good faith and thus she was not a putative wife. The evidence fully supports the trial court’s finding of good faith by Ok Hui Pak.
Ok Hui Pak is a young Korean woman who speaks the English language with some difficulty. Ok Hui Pak arrived in the United States in November 1976. The purported divorce of Austin from Claire Marie and the marriage to Ok Hui Pak took place in January 1977.
Ok Hui Pak was presented with a Mexican divorce judgment by Austin and was told by him that the first marriage was dissolved. Shortly thereafter, Ok Hui Pak and Austin went before the county judge of Newton County, Texas, for a marriage ceremony. A marriage license was given to them. Austin testified at the hearing that he thought, at that time, that the divorce and subsequent marriage were valid. There is no showing that Ok Hui Pak had any knowledge of the situation other than that information given to her by Austin. Good faith in a putative marriage requires an honest and reasonable belief that a former marriage has been dissolved and the present marriage is valid. Clark v. Clark, 192 So.2d 594 (La.App. 3rd Cir. 1966).
*623 We agree with the trial court’s finding that Ok Hui Pak was in good faith when she sued for separation and is thus a putative wife.
We shall affirm the trial court judgment in each of these consolidated cases. We are not, however, ruling herein on any future alimony that may be due Ok Hui Pak as a putative wife. That subject is being treated in the companion case (Austin v. Ok Hui Pak, La.App., 378 So.2d 623), to be handed down this date.
For the reasons set forth herein, the judgment of the trial court awarding past due alimony in Docket Number 7263 is affirmed. • The declaratory judgment of the trial court in Docket Number 7264 is also affirmed. Costs of the appeal are assessed to William B. Austin, appellant.
AFFIRMED.