CUTRER, Judge.
This is a companion suit to the consolidated cases handed down this day; i. e., Austin v. Austin, 378 So.2d 620 (La.App. 3rd Cir. 1979), and Austin et al. v. Ok Hui Pak, 378 So.2d 623 (La.App. 3rd Cir. 1979). Plaintiff herein seeks, by rule, a preliminary injunction to enjoin Ok Hui Pak from executing on the judgment of March 23, 1979 (April 12, 1979 is the correct date), making absolute her rule for past due alimony, and further seeking to enjoin Ok Hui Pak from seeking further judgments for alimony and execution of same, under the judgment for separation and alimony dated December 12, 1978. In the alternative, plaintiff seeks by rule, to terminate such alimony or to reduce same.[1]
The trial court’s judgment, dated July 5, 1979, reads as follows:
“IT IS HEREBY ORDERED that the preliminary writ of injunction asking to enjoin and restrain defendant, Ok Hui Pak, from executing that judgment dated March 23, 1979 [April 12, 1979] or from seeking further judgments cumulating and making executory past due alimony pendente lite arising from that judgment by this Court on December 12, 1978, be denied;
“IT IS FURTHER ORDERED by the Court that the alimony pendente lite award granted in the judgment dated December 12,1978, in the amount of Five Hundred and No/100 ($500.00) Dollars per month, commencing on January 1, 1979, and monthly thereafter, is to be reduced to the sum of Three Hundred Eighty and No/100 ($380.00) Dollars per month.” (Emphasis ours)
We quote the pertinent part of this judgment in full as it reflects that the trial court’s ruling is based upon the conclusion that alimony pendente lite was due and owing past the judgment of April 12, 1979, which judgment invalidated the marriage of Austin and Ok Hui Pak.
In the consolidated companion cases of Austin v. Austin and Austin et al. v. Ok Hui Pak, we were only concerned then with past due alimony under the December 12, 1978 separation and alimony judgment, and the status of the parties. We stated therein that we would treat, in this opinion, the question of any future alimony of Ok Hui Pak as a putative wife.
The trial court, by the terms of its judgment above, took the apparent position that the alimony pendente lite granted in the December 12, 1978 judgment continued to be effective and enforceable beyond the judgment of April 12, 1979 as it reduced same from $500.00 to $300.00 per month by judgment dated July 5, 1979. We disagree with this position for the reasons set forth herein.
In the companion consolidated cases, we held that the separation and alimony pendente lite judgment dated December 12, 1978 was effective and could not be at *625 tacked collaterally. Thus, the alimony pen-dente lite awarded therein began to accrue and continued to do so until such judgment effectively terminated the judgment of April 12,1979. This latter judgment which invalidated the marriage between Austin and Ok Hui Pak had the effect of terminating the effects of the December 12, 1978 judgment. Following this reasoning, we hold that the alimony pendente lite awarded in the December 12, 1978 judgment terminated on April 12, 1979.
The question then arises as to what are the alimony rights of Ok Hui Pak beyond the April 12, 1979 judgment.
The jurisprudence is settled that alimony is a civil effect of the putative marriage in favor of a good faith wife of that marriage when the other party is in bad faith. Cortes v. Fleming, 307 So.2d 611 (La.1973). Such alimony, if granted, is considered to be permanent alimony as distinguished from alimony pendente lite. The trial court in this case has not been presented with, nor has it passed upon, a claim for permanent alimony by Ok Hui Pak as a putative wife. The defendant has the right to present the question of permanent alimony to the court as a putative wife.
We therefore hold that the trial court was in error in reducing the alimony pendente lite by judgment dated July 5, 1979 as such alimony obligations became moot as of April 12, 1979. The trial court also erred by not terminating the alimony pendente lite effective April 12, 1979. We must reverse the trial court and order termination of alimony pendente lite effective April 12, 1979.
Our ruling herein renders moot the question of injunctive relief, thus, the trial court judgment denying injunctive relief shall be affirmed.
For the reasons set forth herein, the trial court judgment is reversed and it is ordered that the rule of plaintiff be made absolute in that the payments of alimony pendente lite (due under the judgment of December 12, 1978 at the rate of $500.00 per month beginning January 1, 1979) are terminated effective on April 12, 1979. The trial court’s judgment denying the preliminary injunction is affirmed. The costs of this proceeding are to be paid by appellee.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

. These rules were brought in conjunction with a petition to annul the separation and alimony judgment dated December 12, 1978. Only these two rules were presented and ruled upon by the trial court.