SCHOTT, Judge.
This appeal is by a divorced husband from an alimony award of $260 per month. The issue is whether the award was proper considering the circumstances of appellee and the provisions of Act 72 of 1979 amending LSA C.C. Art. 160, requiring the court to consider appellee’s earning capacity in making the award.
The parties were divorced after 31 years of marriage and the community was settled with appellee receiving a mortgage free house containing four apartments, one of which she occupies and another of which produces $200 per month rent. The other two apartments are unrented because of, their run-down condition and, according to appellee, she is unable to improve the property because of her limited income. She is 63 years of age, has a 5th grade education and has a $300 per month part-time job wrapping gifts at a department store. Appellant earns about $2,000 a month as a self-employed contractor and from rental property.
The amended version of C.C. Art. 160 requires the trial judge to consider the earning capacity of the spouses along with other circumstances, but the amount of the award is left to the ultimate discretion of the trial judge. We are not persuaded that he abused his discretion considering the age of appellee and her limited education and work experience. It is reasonable to conclude that she is earning her full capacity at the part-time job she has found.
Next, appellant argues that appellee is not entitled to alimony because she owns the house where she resides, and he contends that this is a $125,000 asset readily available to her. Aside from the fact that the evidence does not necessarily show that the building is worth that much, she is not obliged to deplete her assets in order to be entitled to alimony. In Loyacano v. Loya-cano, 358 So.2d 304 (La.1978) the court held that a rule of reasonableness was to be applied to the question of asset depletion in the light of all of the facts and circumstances relevant to the litigation. From our reading of the record it appears that the trial judge considered those facts and circumstances which are mentioned in the Loyacano case and reached a conclusion which was within his discretion.
The same reasoning applies to appellant’s argument that appellee’s financial problems were contributed to by her furnishing free room and board to her two grown children. We are not convinced that the trial judge did not take this into consideration when he made his award of $260 per month.
Accordingly, the judgment is affirmed.
AFFIRMED.