397 So.2d 1084 (1981)
Madeleine Marie Burke SUPER
v.
William C. SUPER, M.D.
No. 11725.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1981.
*1085 Reed & Reed, Floyd J. Reed, New Orleans, for plaintiff-appellee.
Parlongue & Riegel, Philip R. Riegel, Jr., New Orleans, for defendant-appellant.
Before GULOTTA, BOUTALL and HUGHES, JJ.
HUGHES, Judge.
Defendant, Dr. William C. Super, appeals the judgment of the trial court which refused his request for reduction in alimony payments and ordered him to continue paying $1500.00 a month to plaintiff-appellee. The primary issue is whether the trial court erred in continuing alimony payments of $1500.00 a month to Madeleine Marie Burke, putative wife of defendant-appellant, when the testimony and evidence showed that the appellee owned two pieces of immovable property and that she had no disabilities preventing her from earning a sufficient income to support herself.
Madeleine Super filed suit for separation against Dr. William C. Super in the 24th Judicial District Court for the Parish of Jefferson on August 1, 1977. Abandonment and cruel treatment were the alleged basis for the cause of action which also requested an award of alimony pendente lite. On November 18, 1977 judgment was rendered in favor of plaintiff-appellee ordering defendant-appellant to pay his wife $1500.00 per month alimony.
Following the judgment, Mrs. Super twice filed rules for contempt and to make past due alimony executory on December 9, 1977 and on March 26, 1979. On April 5, 1979 Dr. Super filed a suit for a reduction of alimony. Judgment on all three rules was rendered April 18, 1979 with Judge Gaudin denying the request for an alimony reduction and ordering that $1525.00 in past due alimony be made executory in favor of Madeleine Super and further granting her $250.00 in attorney's fees.
On September 26, 1979, Dr. Super filed an exception of no cause or right of action to the suit for separation. The exception was based on the husband's success in obtaining an annulment of his marriage to Madeleine Super during the pendency of the separation suit. The judgment declaring the marriage to be a nullity was appealed and affirmed by both the 4th Circuit Court of Appeal and the Louisiana Supreme Court. See Super v. Burke, 367 So.2d 93 (La.App. 4th Cir. 1979), affirmed 374 So.2d 1250 (La.S.Ct. 1979).
Plaintiff next amended her petition contending that since she was now entitled to all the civil effects of marriage in her favor, including the continuing right to alimony for her support maintenance. After taking evidence and testimony on the changed status of the parties, Judge Gaudin overruled the exception of no cause of action and ordered that past due alimony in the amount of $7225.00 be made executory. An additional award of $250.00 for attorney's fees was also granted. This judgment was rendered on March 18, 1980.
*1086 Plaintiff-appellee was back in court again on April 18, 1980 on a rule for contempt and to make past due alimony executory and for attorney's fees. On the second day of May, 1980 testimony and evidence were taken on a renewed request from Dr. Super for reduction of alimony payments; once again the reduction was denied with written reasons. Judge Gaudin ordered Dr. Super to continue making alimony payments in the sum of $1500.00 per month. It is from this judgment that defendant appeals.
Dr. Super concedes the well established rule of law that a putative wife, in good faith, is entitled to alimony. This right flows from LSA-C.C. Articles 117 and 118 which declare that the marriage, which has been declared null, nonetheless produces its civil effect as it relates to the parties who have acted in good faith. Cortes v. Fleming, 307 So.2d 611 (La.1973).
It is our view that the trial court correctly found that the alimony to which a putative spouse is entitled after the marriage is declared null is permanent alimony (LSA-C.C. Art. 160) as opposed to alimony pendente lite (LSA-C.C. Art. 148) Cortes, supra; Austin v. Ok Hui Pac, 378 So.2d 623 (La.App. 3rd Cir. 1979). Appellant's contention is that while Mrs. Super may have been entitled to $1500.00 as alimony pendente lite, the circumstances of the parties when considered under the permanent alimony article preclude an award to plaintiff-appellee. Specifically, appellant asserts that Madeleine Super, a woman of 39 years of age with no physical disabilities, who owns two pieces of immovable property valued at $118,000.00 and $62,500.00 is barred from receiving permanent alimony under Civil Code Article 160.
The well-repeated rule in alimony cases is that the trial judge is vested with much discretion in determining an appropriate amount of alimony. Only if the judge has abused his "much discretion" and gone beyond the acceptable range of alimony awards, given the circumstances of the parties, is the award to be adjusted or reversed.
Dr. Super is a psychiatrist. In addition to maintaining a private practice, he is on the staff at Charity Hospital and does work for the New Orleans Coroner's Office as well. Income tax returns for 1978 entered into evidence show that Dr. Super earned income from his practice as well as the hospital and the coroner's officer which would probably be over $75,000.00 for 1980. Therefore, the award of $18,000.00 per year to plaintiff-appellee is well under the maximum amount awardable under Article 160: 1/3 of his income. In considering "Income" in article 160 the judge considers both gross income and net income. Ballard v. Ballard, 367 So.2d 1220 (La.App. 2nd Cir. 1979). Hamilton v. Hamilton, 388 So.2d 64 (La. App. 1st Cir. 1980).
Therefore, we need only consider whether the wife's income or ability to work should preclude or lessen her right to alimony. Mrs. Super testified that she was unemployed. She had never worked, had no training for any kind of a job and was needed at home as she had three children there. Mrs. Super lives with two daughters from a prior marriage, ages 17 and 16, and Dr. Super's daughter from a prior marriage, age 16. It is true that adolescents of this age would not seem to require constant supervisory care, however, under current jurisprudence the fact that a divorced wife is unemployed does not bar her right to alimony. The Supreme Court has so stated in Ward v. Ward, 339 So.2d 839 (La.1976).
Insofar as current earnings of the wife are concerned, they are treated no differently than other income. When she receives earnings, they become means for her support. Such earnings must be taken into account in awarding alimony.
If the wife is unemployed, however, and receives no earnings, her earning capacity or potential income is not a proper basis for rejecting alimony. Earning capacity alone does not fall within the definition of "means" in Article 160. 339 So.2d 842.
We note that Ward was decided prior to the 1979 Amendment of Article 160, however, it has not been overruled in post-amendment jurisprudence from the Supreme *1087 Court. Also, Art. 160 as amended does not require the denial of permanent alimony where the wife is apparently capable of employment, it only lists earning capacity as a consideration to be made in determining an alimony award. We do not feel the trial judge committed manifest error in awarding alimony to Mrs. Super even though she was unemployed.
We turn next to a consideration of plaintiff-appellee's assets in the form of property. Mrs. Super owns a home at 10121 Tiffany which was appraised at $118,000.00 shortly before trial. This is the home in which Mrs. Super and her two daughters live and on which appellee pays a monthly mortgage note of $476.00. In addition to this Mrs. Super owns rental property at # 17 Fairlane, on which she pays a monthly mortgage note of $130.00 and receives rental income of $450.00 per month. She testified that the house on Fairlane had been vacant until just recently while necessary repairs were ongoing. Mrs. Super borrowed the money to make these repairs from her father and testified that she presently owes him: $1100.00 for carpet, $450.00 for dishwasher, $800.00 for painting, $1400.00 for new back porch, $500.00 for new stove. It is a fair conclusion from the figures that the money received by Mrs. Super as monthly rental was below the amount she had to pay out on mortgage notes near the time of the trial.
In Hodnett v. Hodnett, 347 So.2d 17 (La.App. 3rd Cir. 1977) a substantially similar set of circumstances was present in that the wife owned the family home in addition to rental property. The Court held that the divorced wife could not be forced to rent out a small cottage in back of her home in order to reduce the alimony she received. A wife is not required to sell her home or to deplete her assets entirely before she is entitled to alimony under LSA-C.C. Art. 160. Hodnett, supra; Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir. 1972); Procell v. Procell, 226 So.2d 590 (La.App. 2nd Cir. 1969).
Mrs. Super estimates her monthly expenses at $5,761.68. Appellant objects to this stating that Mrs. Super could not possibly have monthly expenses greater than her monthly income. However, this situation is not so unusual and has come before the courts before. Hodnett, supra; Bruner v. Bruner, 373 So.2d 971 (La.App. 2nd Cir. 1979). Appellant further objects that the list of expenses appears to include expenses for the children, for whom Mrs. Super receives separate child support payments. To this contention we must answer that appellant failed to prove that any amount was not a living expense of Mrs. Super herself and that the judge having heard several rules for reduction and to make alimony payments executory had a far better knowledge of the parties and their status than do we. He was in better position to determine whether a reduction was called for and finding no abuse of discretion we affirm his judgment.
AFFIRMED.