STOKER, Judge.
The trial court granted the husband, plaintiff-in-reconvention, a judgment of divorce, but denied the wife permanent alimony although he found that she was not at fault. The trial court found that the wife had sufficient means for her support. The wife appeals the ruling of the trial court denying post-divorce alimony.
A spouse seeking post-divorce alimony has the burden of proving that he or she “has not sufficient means for support ... ”. Civil Code article 160, Moss v. Moss, 379 So.2d 1206 (La.App. 3rd Cir.1980). In this case, the wife remains in the family home and the community property has not been partitioned. Mrs. West testified that she had at her disposal $85,000 in cash in a bank, $5,000 in community funds in another bank, and between $20,000 and $30,000 in cash at an undisclosed location. The trial court found that she had approximately $100,000 in cash at her disposal, and cited this as the main reason why she had sufficient means for her support. In addition to the cash and her interest in the family home, the wife has five acres of land she inherited, she has $700 from the sale of her interest in a house, and she owns jewelry appraised in the amount of $5,412.
Mrs. West contends on appeal that the trial court’s denial of post-divorce alimony is in error because, if there is a partition of community property, namely the family home, she will be forced to use one-half of the cash she has on hand to purchase the husband’s part of the family home. She contends that this would be in violation of the jurisprudential rule that a wife will not be forced to dispose of her assets before she is entitled to post-divorce alimony. See Sonfield v. Deluca, 385 So.2d 232 (La.1980); Super v. Super, 397 So.2d 1084 (La.App. 4th Cir.1981); Noto v. Noto, 396 So.2d 486 (La. 4th Cir.1981); Rains v. Rains, 376 So.2d 1298 (La.App. 2d Cir.1979); Meyer v. Meyer, 357 So.2d 832 (La.App. 4th Cir.1978); Hodnett v. Hodnett, 347 So.2d 17 (La.App. 3d Cir.1977); Gautreaux v. Cormier, 315 So.2d 164 (La.App. 3d Cir.1975).
We fail to see how these cases are applicable. In the majority of the cited cases, the wife either had already received the family home in a partition settlement or owned income-producing separate property and the husband was attempting to force the wife to liquidate those assets before being required to pay post-divorce alimony. In those cases, the wife would have no choice but to liquidate her assets if post-divorce alimony was not granted or continued.
*1320 In fact, the argument Mrs. West makes with regard to the community home represents a rather illogical extension of the jurisprudence. She is under no obligation or legal compulsion to purchase her husband’s share. We can understand that she may have a personal preference for wanting to acquire her husband’s interest in the family home and keep it as her own. However, the exercise of such a personal preference in purchasing is not the same thing as requiring a former spouse to sell her home or liquidate income-producing property.
In Meyer v. Meyer, supra, which is quoted in appellant’s brief, the community property remained unpartitioned. The Court of Appeal for the Fourth Circuit rejected the implicit contention that in order to establish entitlement to post-divorce alimony the wife must either accept a settlement for the community property to obtain funds for provision of the necessities of life or file a suit for a partition by licitation. The Court of Appeal stated that denying alimony because the wife has a right to demand a judicial partition would compel her to seek a hasty forced sale which might result in detriment to both parties. The court required the husband to pay alimony sufficient for the wife’s maintenance until the community is settled or until a partial settlement or an advance on the settlement could be made. As in the other cases, the husband in the Meyer case was trying to force the wife to choose between a detrimental sale of assets and giving up the right to alimony.
In the case before us, Mrs. West will not be forced to depend upon a partition to support herself. She has sufficient cash on hand for her support. If Mrs. West’s situation changes in the future, she may then petition the district court for alimony.
For the reasons assigned, the judgment of the trial court is affirmed, all costs to be paid by appellant.
AFFIRMED.