KLEES, Judge.
The plaintiff-wife, Beverly Hegre, and the defendant-husband, Andrew M. Hegre, M.D., were divorced on February 29, 1984, after twenty-four years of marriage. Alimony was awarded at that time to the plaintiff-wife in the amount of $2200 per *19 month plus the tax liability on said amount plus all gasoline, maintenance and insurance on an automobile to be furnished by defendant-husband. Additionally, the husband was to provide hospitalization and to pay all medical, dental and hospital expenses not covered by insurance.
At the trial, the wife introduced her expense list indicating monthly expenditures of approximately $2,950.00 with $2200 in alimony as her monthly income. The wife related that she didn’t feel that she ought to work in order to earn a living although she did admit that she was a Registered Nurse and had worked previously in that profession. The record further showed that the husband’s monthly income was approximately $10,000. From this income, he supports himself and contributes substantially to the support of his two major children.
The main issue in this case is raised by the husband’s argument that the trial court failed to properly evaluate the wife’s earning capacity in determining the amount of the alimony award.
Post-divorce alimony is governed by Article 160 of the Louisiana Civil Code.
Based upon the evidence submitted in the lower court, the trial judge believed that the wife was entitled to the alimony. In his written reasons for judgment, the trial judge stated that it was difficult to determine a specific and adequate amount of alimony based upon the figures submitted by the husband. He also stated that the husband had contributed over $20,000 to the support of the two major children when that money could have been given to the wife as alimony. A trial judge is vested with much discretion in determining the appropriate amount of alimony and only if he has abused his much discretion and gone beyond the acceptable range of alimony awards, given the circumstances of the parties, is the award to be adjusted or reversed. Super v. Super, 397 So.2d 1084 (La.App. 4th Cir.1981).
Our review of this case reveals that the wife at the present time does not have sufficient means in which to maintain herself. She has very few assets and no income other than the alimony at the present time. Although she does have an inheritance which is held in trust and she can take from it as necessary, the wife is not obligated to deplete her assets in order to be entitled to alimony. Noto v. Noto, 396 So.2d 486 (La.App. 4th Cir.1981); Super v. Super, supra. We note that the wife manages to live within the amount of alimony that she receives.
We do not disagree with the amount of the award of the alimony in this particular situation, nonetheless under the facts of this case the alimony award should not be permanent but should be what is termed permanent periodic alimony as contemplated by LSA-C.C. Article 160.
The main thrust of the husband’s argument is that the wife is not entitled to any alimony because she has the capability to earn a living as a Registered Nurse. The husband contends that the trial judge failed to consider this capability or capacity in awarding the alimony.
In Ware v. Ware, 461 So.2d 467 (La.App. 5th Cir.1984), the court discussed consideration of a spouses earning capacity under LSA-C.C. Art. 160 at page 469:
“While the earning capacity of the defendant is to be considered an establishing need and the amount of alimony, it does not necessarily follow that the spouse should be required to take employment of any nature immediately following the divorce.
Difficulty in finding employment which would fit in the defendant’s long-term gainful employment and which is suitable for her age, training and ability is a proper consideration. Another consideration in eváluating earning capacity, specifically mentioned in Article 160, is further training and education for a reasonable period of time directed toward improving her earning capacity.
On the other hand, the alimony article does not contemplate that in this case the *20 plaintiff-husband should be required, in effect, to subsidize a life-time of employment inactivity by his former wife.
The lack of her seriousness in trying to provide for her economic future during the past several years seems to suggest to this court that the defendant desires to support herself by manipulation of the provisions of the Civil Code”.
In this particular situation, the wife is a healthy 47-year-old woman clearly capable of providing for her needs by working. She admitted during testimony that she was a Registered Nurse and had previously worked in the profession. The only evidence adduced at trial that she could not work was her own testimony that “Well, I feel that I shouldn’t have to work”. On the other hand, the husband presented evidence of the wife’s employability and availability of orientation and training program. We conclude that the wife should try in some capacity to provide for her own support. After she has had an opportunity to avail herself of her ability to provide for her own support, if she discovers that her income is such that she is unable to provide for her needs, she is free to pursue her right to alimony. Teasdel v. Teasdel, 454 So.2d 886 (La.App. 4th Cir.1984).
We find that under the facts and circumstances found in the record, the trial court’s award of alimony to the wife was within his sound discretion. However the continuation of the award in an open ended fashion is inconsistent with the mandates of the Civil Code requiring consideration of earning capacity and not supported in this record. As the wife has the capacity to earn sufficient income to meet her basic needs, we amend the original award and add that this alimony award, under LSA-C.C. Art. 160, is to terminate at the end of one year from the date of this opinion. Costs of this appeal to be borne equally between the parties.
AFFIRMED IN PART AND AMENDED IN PART.