SCHOTT, Judge.
After a judgment of divorce had been rendered appellant brought this action to require appellee to establish entitlement to alimony by proving freedom from fault. Appellant contends that the trial court erred in applying the doctrine of comparative rectitude to the facts of the case and in failing to find the parties guilty of mutual fault.
For all practical purposes the issues are factual and subject to review under the manifest error rule. Appellant’s allegations of his wife’s cruel treatment of him were supported by his testimony but contradicted by appellee’s. To adopt appellant’s position in this court would in large measure require us to make a credibility determination contrary to the trial court’s. This would be entirely inappropriate and is not warranted. Thus, we accept the findings of the trial court which are summarized in written reasons.
*123 The trial judge noted that this marriage was in trouble for many years preceding its breakup with each charging the other with various faults. He concluded:
Moreover, although Robert clearly had psychological problems that clearly contributed to the break up of the parties marriage, this Court cannot say that such, so to speak, tipped the scales in favor of Winona to establish that she was more substantially free from fault in the break up than Robert. Without going into greater detail which will serve no useful purpose, the totality of the testimony established to this Court that the parties were both substantially free from fault in the break up of their marriage. In reaching this determination, the Court has waivered back and forth with respect to the issue of fault. Immediately after trial, the Court felt that Winona was substantially free from fault. Upon further reflection, the Court concluded that the parties were mutually at fault. After further consideration, although the parties each were both at fault, this Court has concluded that neither party’s fault was substantial enough for a finding of one party being justified to remove himself/herself from the family home.
In discussing the degree of fault necessary to deprive one of alimony after divorce the Court in Adams v. Adams, 389 So.2d 381, 383 (La.1980) reiterated what was earlier said in Pearce v. Pearce, 348 So.2d 75, 77 (La.1977):
“We have held that, under this statute respecting an award of alimony to a wife without ‘fault’, the word ‘fault’ contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord, [citations omitted] To constitute fault, a wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation.”
As we appreciate the trial court’s reasons for judgment he was not comparing the conduct in the sense that he was applying the doctrine of comparative rectitude; instead, he was articulating his thought process as he worked toward his ultimate conclusion. He was recognizing that appellee was not totally blameless in the marital discord but he did not believe that her misconduct, while serious, was an independent contributory or proximate cause of the separation. In short he found, with the full approbation of Adams, that appellee’s fault did not amount to substantial acts of commission or omission violative of her marital responsibilities.
Because the trial court’s reasons are legally sound and because his evaluation of the facts based largely on his determination of the credibility of the parties is not manifestly erroneous the judgment appealed from is affirmed.
AFFIRMED.