424 So.2d 1185 (1982)
Dorothy Landry RODRIGUE
v.
Ferdinand P. RODRIGUE.
No. 82 CA 0331.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*1186 David M. Richard, Thibodaux, for plaintiff-appellee Dorothy Landry Rodrigue.
Garland R. Rolling, Metairie, for defendant-appellant Ferdinand P. Rodrigue.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an appeal from a judgment rendered by the trial court in favor of plaintiff, Dorothy Landry Rodrigue, and against defendant, Ferdinand P. Rodrigue, awarding permanent alimony to plaintiff in the amount of $600.00 per month and ordering that Mr. Rodrigue pay the house note on the family residence in the amount of $141.00 per month.
Defendant appeals assigning as error the decision of the trial court finding plaintiff to be free from fault in causing the divorce and thus eligible for permanent alimony under LSA-C.C. art. 160.[1] Defendant further *1187 contends that in the event alimony is due, the amount awarded by the trial court is excessive.
On November 6,1980, Mrs. Rodrigue filed a petition for separation on grounds of abandonment against Mr. Rodrigue. On October 20, 1981, Mr. Rodrigue reconvened for divorce on grounds that he and his wife had been living separate and apart in excess of one year. In this reconventional demand, Mr. Rodrigue asserted that Mrs. Rodrigue had been guilty of acts of cruelty, outrages, and habitual intemperance of such a nature as to constitute fault under LSA-C.C. art. 160 and thereby deny her the right to receive permanent alimony. Mrs. Rodrigue filed an answer to the reconventional demand which denied the allegations of fault. On January 25, 1982, a judgment of divorce "a vinculo matrimonii" was rendered between the parties in favor of Mr. Rodrigue and against Mrs. Rodrigue based on living separate and apart in excess of one year. This judgment also found Mrs. Rodrigue to be free of fault and condemned Mr. Rodrigue to pay $600.00 per month as permanent alimony, plus pay $141.00 per month representing the house note on the family residence.
Under LSA-C.C. art. 160, a spouse is entitled to alimony after divorce only when he or she has not been at fault. In Pearce v. Pearce, 348 So.2d 75 (La.1977), the Louisiana Supreme Court set forth the applicable principles for an award of alimony under LSA-C.C. art. 160, as stated at page 77:
"We have held that, under this statute respecting an award of alimony to a wife without `fault', the word `fault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La. App. 4th Cir.1970). To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). The question of a wife's fault under the statute providing for alimony when a wife has not been at fault and has not sufficient means for her support is a factual one. Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir.1972). We have recognized that a trial court's findings of fact on the issue of a wife's `fault' will not be disturbed on appeal unless found to be manifestly erroneous. Williams v. Williams, 215 La. 839, 41 So.2d 736 (1949); Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 (1948)..."
The spouse seeking alimony after divorce has the burden of proving freedom from fault in order to be entitled to such alimony. Lauro v. Lauro, 399 So.2d 1297 (La.App. 4th Cir.1981); Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App. 3d Cir. 1981); Brannon v. Brannon, 362 So.2d 1164 (La.App. 2d Cir.1978); Sachse v. Sachse, 150 So.2d 772 (La.App. 1st Cir.1963).
With respect to the allegations of habitual intemperance on the part of Mrs. Rodrigue as constituting such fault as would support a judgment of separation in favor of Mr. Rodrigue under LSA-C.C. art. 138[2], we conclude that the record supports *1188 the conclusion of the trial judge that Mrs. Rodrigue was free from fault. Both spouses drank during their entire `lifetime' together, and each consented to, participated in, and encouraged the other's drinking. In Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4th Cir.1979) the court held that a course of conduct approved and consented to by both spouses is not mutual fault.
We also find that the facts and circumstances of this case do not present a sufficient showing of cruel treatment by Mrs. Rodrigue with respect to her contributions to the arguments between the parties. Admittedly there was quarrelling and bickering between the parties, but there is nothing to suggest that it was anything other than such bickering as would ordinarily occur in a marriage. Lauro v. Lauro, supra.
We therefore hold that the trial court was not manifestly erroneous in its finding that Mrs. Rodrigue was free from fault and thus entitled to permanent alimony under LSA-C.C. art. 160.
The often repeated rule in alimony cases is that the trial judge is vested with much discretion in determining an appropriate amount of alimony. Only if the judge has abused his "much discretion" and gone beyond the acceptable range of alimony awards, given the circumstances of the parties, is the award to be adjusted or reversed. Super v. Super, 397 So.2d 1084 (La.App. 4th Cir.1981), writ denied, 399 So.2d 583.
Mr. Rodrigue is an employee of Brown & Root. His gross income for the year of 1980 amounted to over $2500.00 per month. Of this figure, testimony revealed that Mr. Rodrigue's net income was almost $1500.00 per month. In considering "income" in LSA-C.C. art. 160, the trial judge is allowed to consider both gross income and net income. Super v. Super, supra; Shelton v. Shelton, 395 So.2d 899 (La.App. 2d Cir. 1981); Ballard v. Ballard, 367 So.2d 1220 (La.App. 2d Cir.1979). Therefore, the award of $600.00 per month, plus the house note of $141.00 per month to the plaintiff is below the maximum awardable under LSA-C.C. art. 160. The trial judge determined this amount as necessary to provide the plaintiff with food, clothing, and shelter, and we cannot say that this is manifestly erroneous.
In considering whether Mrs. Rodrigue's ability to work should preclude or lessen her right to alimony, we conclude that due to crippling arthritis from which she has been suffering since 1965, Mrs. Rodrigue's chances of employment are almost nonexistent. Thus, any argument as to her ability to work as a sitter is without merit.
*1189 We find no abuse in the trial judge's discretion.
The judgment appealed from is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 160 provides as follows:

"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."
[2] LSA-C.C. art. 138 provides as follows:

"Separation from bed and board may be claimed reciprocally for the following causes:
1. In case of adultery on the part of the other spouse;
2. When the other spouse has been convicted of a felony and sentenced to death or to imprisonment at hard labor in the state or federal penitentiary;
3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable;
4. Of a public defamation on the part of one of the married persons towards the other;
5. Of the abandonment of the husband by his wife or the wife by her husband;
6. Of an attempt of one of the married persons against the life of the other;
7. When the husband or wife has been charged with a felony, and shall actually have fled from justice, the wife or husband of such fugitive may claim a separation from bed and board, on producing proofs to the judge before whom the action for separation is brought, that such husband or wife has actually been guilty of such felony, and has fled from justice;
8. On account of the intentional non-support by the husband of his wife who is in destitute or necessitous circumstances, or by the wife of her husband who is in destitute or necessitous circumstances.
9. When the husband and wife have voluntarily lived separate and apart for one year and no reconciliation has taken place during that time.
10. When the spouses have lived six months separate and apart, voluntarily and without reconciliation; provided that both spouses shall execute an affidavit attesting to and testifying that they have so lived separate and apart and that there exists irreconcilable differences between the spouses to such a degree and nature as to render their living together insupportable and impossible. In all such cases, the proceedings shall be entitled `In the matter of ________ (petitioner) and his (or her) spouse________'."