451 So.2d 1348 (1984)
Jack Ellis ALLOWAY
v.
Thelma Jane RODRIGUE.
No. 84 CA 0007.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1349 Jude Thaddeus Fanguy, Houma, for plaintiff and appellant.
Jules D. Bouqet, Houma, for defendant and appellee.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
On January 20, 1981, judgment was rendered granting Jack Ellis Alloway a divorce from Thelma Jane Rodrigue. Rodrigue was awarded custody of the minor child, Brock Ellis, and $650.00 per month alimony and child support.
On January 17, 1983, Rodrigue filed a motion seeking to hold Alloway in contempt of the support order and, in addition, seeking to make executory past due alimony and child support payments allegedly due under the January, 1981 judgment. Alloway then filed a rule to terminate alimony and/or reduce alimony and child support to $400.00. He also filed a rule requesting joint custody. Subsequently, Rodrigue filed a motion to increase child support to $650.00 per month in the event the trial judge terminated or reduced the alimony portion of the original judgment.
At a hearing held on September 9, 1983, Alloway contended that he and his former wife had agreed to a reduction in the support payments, therefore, no alimony or child support was due. The trial judge found that there had been no agreement between the parties to reduce support and therefore granted Rodrigue judgment for past due support in the amount of $11,573.65. Rodrigue's motion to increase child support was dismissed. Alloway's rule to terminate alimony and/or reduce alimony and child support and his rule for joint custody were both denied.
Alloway appeals assigning the following errors:
(1) The trial court erred in finding there had been no agreement between the parties to reduce alimony and child support to $400.00 per month;
(2) The trial court erred in not terminating alimony and/or reducing alimony and child support to $400.00 per month; and
(3) The trial court erred in not granting the parties joint custody.

ASSIGNMENT OF ERROR NO. 1
Alloway contends that he and his ex-wife verbally agreed to reduce his support payments *1350 to $400.00 per month, and in exchange, his wife would continue to reside in the former family home and would be given title to a Trans Am automobile. Rodrigue admitted that she had title to the vehicle and that she had continued to live in the family home. However, she testified that the above actions were not part of any agreement, but rather resulted from the fact that she needed a car to get to work and that she had no other place to live.
In addition, the record reveals that on at least two other occasions the parties were before the court and the support payments were at issue, but the alleged agreement was not brought to the attention of the court at either time.
It is settled that parents may agree to modify the amount of child support fixed by judgment, and such agreement will be given effect if it is in the interest of the child. But, for such an agreement to be effective, the parties must clearly agree to such modification. Moreover, the burden of proof is on the party relying on the agreement to relieve him of his obligation, or to modify his obligation, under the judgment to prove the existence of the agreement. Gomez v. Gomez, 421 So.2d 426 (La.App. 1st Cir.1982). Cf. also McManus v. McManus, 428 So.2d 854 (La. App. 1st Cir.1983).
After considering the testimony of both parties, and Alloway's failure to urge the alleged agreement at earlier hearings, the trial judge concluded that Alloway had not proven the agreement. Based upon our review of the record, we find no error in the ruling of the trial court. Cf. Mathews v. Mathews, 415 So.2d 234 (La.App. 2nd Cir.1982).

ASSIGNMENT OF ERROR NO. 2
Alloway contends that the trial court erred in failing to terminate alimony and/or reduce alimony and child support to $400.00 per month.
In alimony and child support matters, the litigant requesting an adjustment in a prior award must prove a change in the financial condition of either one of the parties. Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir.1975), writ refused 310 So.2d 844 (La.1975), amended and affirmed, 323 So.2d 513 (La.App. 4th Cir.1975).
This Alloway did not do. He failed to introduce any evidence that he had suffered a change of circumstances. As the trial judge pointed out in his oral reasons for judgment, there was no evidence that he was ill and unable to work or that he had lost his job. In addition, there was no evidence of a change in his former wife's financial condition. We find no error in the ruling of the trial court on this point.

ASSIGNMENT OF ERROR NO. 3
In this assignment of error, Alloway argues that the trial court erred in not making an award of joint custody as provided in LSA-C.C. art. 146.
The trial judge expanded the visitation rights of Alloway, noting that the child, a 5-year old male, should be allowed more time with his father in order to develop and strengthen the relationship between father and son. The father was awarded visitation rights as follows: every other weekend from 6:00 p.m. Friday until 4:00 p.m. Sunday; two weeks during the summer vacation period; alternating Christmas, Easter, and the child's birthday. Thus, it is clear that the trial judge felt that the best interests of the child were better served by granting a modification of the visitation rights rather than awarding joint custody.
The standard of review in custody matters gives great weight to the determination of the trial judge, and his discretion will not be disturbed on review in the absence of a clear showing of abuse. Lawson v. Lawson, 396 So.2d 387 (La.App. 1st Cir.1981). We find no abuse in the instant case.
For the above reasons, the judgment of the trial court is affirmed in all respects. Costs of appeal are assessed against appellant-Alloway.
AFFIRMED.