464 So.2d 1068 (1985)
Juanita FUSILIER
v.
Darrel FUSILIER.
No. CA 84 0866.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*1069 Michael Matthews, Gonzales, for defendant, appellant.
Cynthia Fayard, Livingston, for plaintiff, appellee.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The issues presented in this appeal are whether the amount of permanent alimony and child support awarded was excessive and whether an award of joint custody should have been made by the trial court.
Darrel Fusilier, appellant, and Juanita Barnett Fusilier, appellee, were married on April 17, 1970. One child was born of this *1070 marriage, Jason (age 12), and two children adopted, Edward (age 17), and Darrel, Jr. (a major). On June 24, 1983 Mrs. Fusilier obtained a judgment of separation which awarded her custody of the children and ordered Mr. Fusilier to pay $1,250.00 per month alimony pendente lite and $1,250.00 per month child support for the then three minor children of the marriage. Judgment was subsequently rendered on March 22, 1984 granting Mrs. Fusilier an absolute divorce on the grounds of adultery. This judgment also granted custody of Jason and Edward to Mrs. Fusilier (Darrel, Jr. had obtained the age of majority) and ordered Mr. Fusilier to pay $1,250.00 per month in permanent alimony, $400.00 per month child support for Jason and $250.00 per month child support for Edward, a total of $1,900.00 per month. He was also ordered to pay all medical expenses of the children. Mr. Fusilier now appeals this judgment.
In assignments of error one and two, Mr. Fusilier contends the trial court applied an erroneous standard in determining the amount of alimony to which Mrs. Fusilier was entitled and consequently awarded an excessive amount. La.Civ. Code art. 160 authorizes permanent alimony after divorce when a spouse, not at fault, proves he or she is in necessitous circumstances. Arabie v. Arabie, 447 So.2d 22 (La.App. 1st Cir.1984). Permanent alimony under art. 160 is limited to an amount sufficient for the spouse's "maintenance," which includes reasonable expenses for food, clothing, shelter, transportation, utilities, household expenses and income tax liability generated by the alimony payments. Id. Examples of expenses not considered necessary for a spouse's "maintenance" include gifts, newspapers, childrens' allowances, pet care, recreation, pleasure trips, church contributions and life insurance. Oddo v. Oddo, 416 So.2d 241 (La.App. 1st Cir.1982); Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir.1982). A trial court has much discretion in determining an appropriate award of alimony. Such an award may be modified or reversed only when the trial court has abused its much discretion and gone beyond the range of acceptable awards. Rodrigue v. Rodrigue, 424 So.2d 1185 (La.App. 1st Cir.1982).
To support his contention the trial court applied an erroneous standard in fixing alimony, Mr. Fusilier points to the trial court's remark that "... the law says [Mrs. Fusilier] is entitled to within reason the manner of living standard she once had...." However, the trial court immediately clarified this remark by listing examples of the types of expenses entailed: "clothes, medical expenses, travel expense, insurance are necessary items she is entitled to...." Thus, upon reading the trial court's remarks as a whole, it is apparent it applied the appropriate standard in determining permanent alimony. This conclusion is further substantiated by an examination of the monthly expense list submitted by Mrs. Fusilier. The total expenses reflected by this list, after deducting the numerous non-allowable items included, is within the range of the award made by the trial court. Accordingly, after reviewing the expense list of both parties, their respective incomes and all other pertinent evidence, we do not find the trial court's award to be manifestly erroneous.
Mrs. Fusilier is currently unemployed and has no income other than alimony and child support. Mr. Fusilier is a river pilot whose approximate gross income is $46,000 annually. His net income is $2,924 per month. When considering income under La.Civ.Code art. 160, a trial court may consider both gross and net income. Rodrigue, supra.
The list of monthly expenses submitted by Mr. Fusilier totalled $1,505. However, we agreed with the trial court's conclusion a significant portion of these expenses are attributable to Mr. Fusilier living with a female companion and could be reduced or eliminated. We further note Mr. Fusilier formerly resided rent free in a dwelling obtained by him in the community property settlement. He gave no reason for leaving this dwelling to live in a rented trailer. Additionally, Mr. Fusilier works *1071 away from home, with meals and accommodations provided by his employer, thirty out of every sixty days. For these reasons, we find Mr. Fusilier has sufficient income remaining for his own needs after payment of the alimony and child support ordered by the trial court.
Mr. Fusilier also complains the trial court erred in not taking Mrs. Fusilier's earning capacity into consideration in fixing alimony. Mrs. Fusilier has been employed as a debt collector on occasion in the past. She left her last such position as the result of a back injury sustained when she fell in September of 1981. Subsequent to her separation from Mr. Fusilier, she worked briefly as a sitter for an elderly invalid. She stated she was unable to continue such employment because of the manual labor involved and recurrent problems with her back. Mrs. Fusilier is not currently under medical treatment. However, she stated this was due to a lack of funds. The trial court concluded Mrs. Fusilier was not presently capable of employment. Upon review of the evidence and particularly in view of the trial court's superior opportunity to personally observe the parties, we find no manifest error in this conclusion.
In his final assignment of error, Mr. Fusilier argues the trial court erred in not awarding joint custody in accordance with La.Civ.Code art. 146. La.Civ.Code art. 146 creates a rebuttable presumption in favor of joint custody. However, this presumption merely provides the trial court with a preference, which it may reject upon the presentation of evidence that joint custody is not in a child's best interest. Turner v. Turner, 455 So.2d 1374 (La.1984).
The trial court was obviously concerned Mr. Fusilier was living in a state of concubinage with his girlfriend. This concern is reflected in the trial court's order that Mr. Fusilier exercise his visitation privileges outside of the presence of his female companion, until such time as Mr. Fusilier and she were married. Mr. Fusilier stated they planned to marry once his divorce was final.
Another significant consideration is the nature of Mr. Fusilier's work schedule. His job requires him to be away from home for periods of thirty days at a time. This fact would make it extremely difficult, if not impossible, to establish a workable joint custody arrangement between the parties.
The trial court obviously concluded an award of joint custody was not in the best interest of the children. The determination of a trial court in this regard is entitled to great weight and will not be disturbed absent a clear abuse of discretion. Alloway v. Rodrigue, 451 So.2d 1348 (La.App. 1st Cir.1984). We find no abuse of discretion.
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by Mr. Fusilier.
AFFIRMED.