469 So.2d 20 (1985)
John Roy STEIB
v.
Dorothy Anne STEIB.
No. 84 CA 0305.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*21 G. Thomas Arbour, Donna S. Garbarino, Baton Rouge, for plaintiff-appellant John Roy Steib.
James A. Wood, Baton Rouge, for defendant-appellee Dorothy Ann Steib.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is an appeal from a judgment on an alimony rule where the trial court granted an award of permanent alimony to appellee, Dorothy Anne Steib.
On June 25, 1982, a divorce was granted under La.R.S. 9:301 dissolving the marriage of John Roy Steib and Dorothy Anne Steib. The pleadings and minutes of the divorce proceeding were not included in the record made available to this court. However, the transcript of testimony taken at the divorce hearing reflects that at commencement of the divorce trial counsel for Mr. Steib stated that the issue of fault was before the court solely for the purpose of determining whether permanent alimony would be awarded. Evidence was then presented relative to the fault of both parties. However, the trial court did not rule on the fault issue. In an attempt to clarify the status of the fault of the parties at the close of the divorce trial, counsel for Mrs. Steib observed that since fault had not been determined in the divorce proceeding it was open to judicial inquiry at a later date. The trial court replied that it was.
Neither the written judgment of divorce nor any reasons for judgment which may have been given were made available to this court. From a review of the transcript of the divorce trial, however, we presume that the divorce was granted on the grounds of living separate and apart for one year (La.R.S. 9:301) and that the trial court did not rule on the fault issue.
A hearing was held on November 4, 1983, on what the judgment refers to as Mrs. Steib's rule seeking permanent alimony. The pleadings in this rule are not part of the record and were not made available to this court. The transcript of the hearing on the rule reflects that no evidence pertaining to the issue of fault was presented. By written judgment filed on December 2, 1983, appellee was awarded permanent alimony in the sum of four hundred ($400) dollars per month. The judgment is silent with respect to fault.
Mr. Steib appeals the award of permanent alimony to Mrs. Steib alleging as error that permanent alimony was granted by the trial court without a prior adjudication that Mrs. Steib was "free from fault in the marriage". Alternatively, he alleges that should this court find that the trial court did adjudicate Mrs. Steib to be free from fault, the amount awarded is excessive.
La.C.C. art. 160 provides for permanent alimony after divorce. The spouse seeking permanent alimony must prove that she (he) is free from fault and that she (he) lacks sufficient means of support. Only those spouses who are not at fault are entitled to permanent alimony. The fault alluded to in La.C.C. art. 160 has been interpreted by this court to be misconduct of a serious nature which is an independent contributory cause of the dissolution of the marriage. Jergins v. Jergins, 451 So.2d 1336 (La.App. 1st Cir.1984). La.R.S. 9:301 provides that either spouse may sue for and obtain a judgment of divorce when the spouses have lived separate and apart continuously for at least one year. Although fault is not an issue to be determined in a divorce under La.R.S. 9:301, fault becomes an issue where one of the spouses claims permanent alimony. The La.C.C. art. 160 fault preclusion to permanent alimony applies where a spouse claims permanent alimony in divorce proceedings under La.R.S. 9:301. LeBlanc v. LeBlanc, 362 So.2d 568 *22 (La.1978); Brister v. Brister, 402 So.2d 173 (La.App. 1st Cir.1981).
The record reveals that no evidence of fault was presented at the alimony rule. The entire testimony dealt with the issues of Mrs. Steib's lack of sufficient means of support and of Mr. Steib's ability or inability to pay. Testimony with reference to fault was taken at the divorce hearing, but the divorce was granted under La.R.S. 9:301, and the trial court made no determination of fault. At the alimony rule, counsel for appellee stated that appellee had prayed for permanent alimony in the divorce proceeding, but had abandoned that issue at trial. Before permanent alimony can be granted the spouse seeking the award bears the burden of proving freedom from fault. Smith v. Smith, 216 So.2d 391 (La.App. 3d Cir.1968). After carefully reviewing the record we find that the trial court did not make a determination that appellee was without fault as required by La.C.C. art. 160.
For the foregoing reasons, the judgment of the trial court is ordered vacated and the case is remanded to the district court for further proceedings consistent with the views expressed herein.
Costs are assessed to appellee.
REVERSED AND REMANDED.