ALFORD, Judge.
This is a child custody case in which appellee, Robert E. Giles, was granted sole custody of the two minor children bom of his marriage with appellant, Donna Jo Giles. Mrs. Giles sought a change of custody and from the judgment which continued custody with Mr. Giles, she has perfected this appeal.
Robert E. Giles and Donna Jo Giles were married on November 5, 1973, in Magnolia, Arkansas. They later moved to Louisiana and maintained their matrimonial domicile in Tangipahoa Parish until September 3, 1983, when Mrs. Giles moved out of the family home. Of their marriage, two sons were born-Vernon Lee, age eight, and William Robert, age six, at the time of separation.
On January 16, 1984, Mr. Giles was granted a separation and was awarded ex-parte provisional care, custody and control of the two minor children. On March 1, 1984, Mrs. Giles filed a petition for change of custody, child support, alimony and in-junctive relief. A hearing was held on the merits and the trial court entered a judgment in favor of Mr. Giles ordering the children to remain in his custody and granting Mrs. Giles the following visitation rights:
1) Alternating weekends from 5:00 p.m. Friday until 5:00 p.m. Sunday;
2) Alternating holidays;
3) Three day weekend and/or holiday visitation, with 72 hour advance notice of intent to exercise and provided that the minor children do not have to attend school for that 3 day period;
4) One month in summer; and
5) Weekly telephone communication with minor children at 6:00 p.m. on Thursday evenings.
At the hearing the following facts were revealed. After the separation, Mrs. Giles and Mary Ann Butler, her fourteen-year-old daughter by a previous marriage, moved to Arkansas and were domiciled at Montieello, Arkansas, at the time of trial. Mrs. Giles and her daughter live in a camper trailer with four rooms which includes one and one-half bedrooms. A neighbor, Mr. Jerry McManus, owns the trailer ánd allows Mrs. Giles to live there rent free provided she answers the phone for his business. Mrs. Giles’ income is $135 per month.
Mr. Giles and his two children live in a three bedroom brick home. In addition, Sissy LeBlanc, Mr. Giles’ girlfriend, and her two daughters and one son live with Mr. Giles. Mr. Giles and Ms. LeBlanc have a gross monthly income of approximately *629 $5,000. Ms. LeBlanc is legally divorced and she and Mr. Giles plan to marry after Mr. Giles obtains a divorce.
The trial judge in his written reasons for judgment, stated that the best interest of the children would be served by continuing custody with Mr. Giles. On appeal, Mrs. Giles contends that the trial court erred in awarding sole custody to Mr. Giles.
The Louisiana Supreme Court in Turner v. Turner, 455 So.2d 1374, 1379 (La.1984), stated:
The trial judge sits as a sort of fiduciary on behalf of the child, and must pursue actively that course of conduct which will be of the greatest benefit to the child. It is the child’s emotional, physical, material and social well-being and health which are the judge’s very purpose in child custody cases. He must protect the child from the harsh realities of the parents’ often bitter, vengeful, and typically highly emotional conflict. The legislature has mandated that the judge shall look only to the child’s interests.
In Price v. Price, 451 So.2d 1187, 1189 (La.App. 1st Cir.1984), appears the following:
In performing its function of deciding custody cases, the trial court is vested with a vast amount of discretion. On appellate review, great deference must be accorded to the decision of the trial court, not only because of that court’s better capacity to evaluate witnesses, but also because of the proper allocation of trial and appellate functions between the respective courts. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The appropriate standard to be applied by the trial court in child custody matters is that of the “best interest of the child.” Turner, 455 So.2d at 1378. Civil Code article 157 states that in change of custody matters, permanent custody of the children shall be granted in accordance with Civil Code article 146. Article 146, as amended through 1983, states that there shall be a rebuttable presumption in favor of joint custody. This presumption merely provides the trial court with a preference, which it may reject upon the presentation of evidence that joint custody is not in the children’s best interest. Turner, 455 So.2d at 1379. The presumption in favor of joint custody may be rebutted after consideration of certain specific factors set forth in article 146(C)(2).[1] Mrs. Giles alleges that Mr. Giles is morally unfit because he is living in open concubinage with Ms. Le-Blanc. The moral fitness of the parties involved is only one of the factors enumerated in article 146 which must be considered. The parent’s attitude toward living with a person whom he plans to marry *630 is but one aspect of moral fitness. In Schexnayder v. Schexnayder, 371 So.2d 769 (La.1979), the court held that one act of adultery or even several acts with the same paramour does not necessarily render a person morally unfit. Mr. Giles and Ms. LeBlanc testified that they plan to marry as soon as he receives his divorce.
Mrs. Giles testified that Mr. Giles physically abused her and the boys during their marriage. This allegation of child abuse was controverted by testimony of Mr. Giles and Ms. LeBlanc. Mrs. Giles and Ms. Butler testified that Mr. Giles also had a drinking problem. Mr. Giles did admit himself to the Bowling Green Inn in Mandeville, La. in April of 1983 for treatment of a drinking problem. Mr. Giles testified that he did not have a drinking problem at the time of trial and that he had not been intoxicated since September of 1983. Ms. LeBlanc and a friend of Mr. Giles, James Jenkins, also testified that Mr. Giles did not have a drinking problem at the time of trial.
The trial judge’s conclusion that it was in the best interest of the children to remain in the custody of their father is supported by the record. There is ample evidence that the trial judge considered the factors enumerated in article 146(C)(2) when reaching this conclusion. There is no indication that the children are not happy and well adjusted. The children have lived in a stable environment with their father for eleven months. The children live in Louisiana and attend school and there is a considerable distance between the residencies of the parents. Removal of the children from the custody of their father would undoubtedly be very traumatic and would not be in their best interests. The record indicates that the children live in a happy household, that they are well taken care of and are doing well in school. The record establishes that Ms. LeBlanc has a genuine affection for the children and takes an active part in caring for them. Mr. Giles testified that the children appear to be well adjusted and get along very well.
The determination of a trial court in custody matters is entitled to great weight and will not be disturbed absent a clear abuse of discretion. Fusilier v. Fusilier, 464 So.2d 1068 (La.App. 1st Cir.1985). After a thorough review and evaluation of the record and a consideration of all factors listed in article 146, we find no abuse of discretion on the part of the trial court.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be born by the in forma pauperis fund.
AFFIRMED.

. C. There shall be a rebuttable presumption that joint custody is in the best interest of a minor child.
(1) However, the parents may agree to an award of custody to one parent.
(2) The presumption in favor of joint custody may be rebutted by a showing that it is not in the best interest of the child, after consideration of evidence introduced with respect to all of the following factors:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties.
(/) Any other factor considered by the court to be relevant to a particular child custody dispute.