BYRNES, Judge.
The defendant, Joseph E. Anzalone, appeals from a money judgment rendered in a Rule for Contempt and to Make Past-Due Alimony Executory. The trial court awarded the appellee, Linda F. Anzalone, $15,000 in past due child support with legal interest from the date each payment was due plus $1,500 in attorney fees and costs. We reverse and remand the case for further proceedings.
The parties were separated on April 5, 1973. In the separation judgment, the court ordered Mr. Anzalone to pay $385.00 a month for support of his three minor children. No method or schedule of payment was set out in the decree. From the date of the support judgment until the youngest child reached majority, appellant *586 never paid more than $60.00 a week (approximately $240.00 a month) in child support directly to his wife.
As part of their community, the parties owned rental property which produced $300.00 a month in income. Mr. Anzalone claims that he and his wife agreed that she would collect the rent from this property and keep his one half share each month as partial payment of the child support judgment. When this $150.00 was added to the $240.00 a month Mr. Anzalone paid directly to his wife, the total support obligation would be satisfied.
Mrs. Anzalone denied the existence of such an agreement, but admitted that she collected and retained all of the rental income. She further testified that much of this income was spent on the upkeep of the premises, but that any amounts in excess of these costs were spent on the support of the children.
In January 1985, Mrs. Anzalone filed this Rule for Contempt asking that all past due payments be made executory. The trial court found that payments were due from the time of the child support judgment in 1973 until the youngest child reached majority in 1983. He ordered Mr. Anzalone to pay $1,500.00 a year for those ten years, for a total of $15,000.00.
Mr. Anzalone seeks reversal on two grounds. First, he urges that a valid agreement to modify the form of payment was proven, and that half the amount of rents collected and retained by his wife should therefore be credited to him as payment of child support due under the judgment. Second, he argues that the judgment was in excess of the amount prayed for in the petition and should be reduced. We find merit in the first argument and reverse the judgment of the lower court.
As long as the parties clearly agree, a child support judgment may be modified. Alloway v. Rodrigue, 451 So.2d 1348 1350 (La.App. 1st Cir.1984). The party relying on an agreement to modify has the burden of proving its existence. Id. at 1350. Since the issue of payment is ultimately an issue of credibility, the judgment should not be overturned absent a showing of manifest error. Singleton v. Singleton, 423 So.2d 791 (La.App. 4th Cir.), writ denied, 427 So.2d 1210 (La.1983). In our opinion, the facts of this case clearly show that an agreement to modify the method of making child support payments was reached. It was manifest error for the trial judge to conclude otherwise.
Our finding is supported by Mr. Anza-lone’s testimony that although he never collected his half of the rental income, he still claimed it as income on his tax returns and paid the property tax on the premises. This indicates that he retained not only his ownership interest in the property but also retained his right to one half of the income it produced. This evidence becomes more persuasive when one realizes that the sixty dollars a week Mr. Anzalone paid directly to his wife, when added to his share of the rental income which she retained each month, equalled his support obligation. This seems to be more than a mere coincidence.
Mrs. Anzalone admitted that she collected the rent and kept Mr. Anzalone’s share. She offered no alternative to Mr. Anza-lone’s explaination of this circumstance and produced no evidence to rebut Mr. Anza-lone’s testimony. Until this suit, she never challenged Mr. Anzalone’s method of payment or the amount he paid.
Under these circumstances, we, reverse the trial court’s finding and conclude that the agreement alleged by appellant was proven and that he may deduct his share of the profits earned by the property from the child support he owes. However, the record, does not contain sufficient proof of the total rental income actually collected by Mrs. Azalone or her expenses in maintaining the property. Without such proof this court cannot determine the profit which the property earned for the community. We therefore, remand this case to the trial court for an evidentiary hearing in which the net profit earned from the property (total rent collected less expenses) should be determined and credit given to Mr. An- *587 zalone for one half of those profits. Costs of this appeal are to be borne by appellee.
REVERSED AND REMANDED.