JOHN S. COVINGTON, Judge.
Defendant-appellant, Carlo S. Bonura, and Gleta Wilcox Bonura were married on October 17, 1970; they separated in fact in February 1980 and Gleta’s petition for separation based on abandonment was filed May 6, 1981. Carlo answered, denying he had abandoned Gleta, and reconvened for divorce on the basis of their having lived separate and apart “without reconciliation ... a period in excess of one year.” After a trial on the merits, the district court rejected Gleta’s petition for separation and granted Carlo’s petition for divorce. The judgment of divorce, signed June 18, 1981, is silent on the subject of alimony after divorce. Paragraph XII of Carlo’s answer and reconventional demand states that Gle-ta “has her right to recovery of permanent alimony after divorce.”
On September 16, 1985 a hearing was held on Gleta’s “petition and rule for alimony and to establish fault.” At the conclusion of the hearing on the rule and for oral reasons assigned, judgment was rendered finding Gleta “free from fault in connection with the divorce proceedings of record herein, and is entitled to permanent alimony” which was fixed at “the sum of $250.00 per month ... effective September 9, 1985,” the date her “petition and rule” was filed. The formal judgment was signed September 20, 1985. An order granting Carlo’s devolutive appeal was signed on October 2, 1985.
ASSIGNMENTS OF ERROR
Defendant in Rule-Appellant, Carlo Bon-ura, assigns as error the trial court’s
1. “holding that the defendant in an action for permanent alimony must prove the plaintiff at fault in causing the divorce”;
2. finding that Gleta was in necessitous circumstances and entitled to permanent alimony; and
3. improperly awarding $250.00 per month as permanent alimony “under the circumstances present in this case.”
ISSUES
Appellant states the issues are (1) “whether the court incorrectly held that the defendant in an alimony suit bears any burden with respect to the issue of fault” and (2) whether the trial court incorrectly found that Appellee is in necessitous circumstances.”
“FREEDOM FROM FAULT”
At the conclusion of testimony and argument of counsel the trial judge gave oral reasons, in part, as follows:
We are not dealing so much here with fault as we are the issue of absence of fault on the part of the person who seeks *376 alimony. And the fault that would legally bar Mrs. Bonura from receiving permanent alimony would be legal fault, a fault for which Mr. Bonura would have been able to get a separation from her or a divorce from her.
“The only proof that this Court has seen is some feelings of jealousy. It would take ... inappropriate actions, on those feelings to constitute ... a legal cause ... for a separation or a divorce. There has been no showing of that legal fault on her part. Accordingly, ... she is entitled to permanent alimony provided she meets the other requirements.”
Appellant argues that the trial court’s “reasoning seems to be that the mover in a permanent alimony action need only allege freedom from fault and then the burden shifts to the non-moving party to show that mover was legally at fault in causing a breakup of the marriage.” He also argues that “Based upon a fair reading of all the evidence Appellee failed to bear her burden and the trial court impermissibly shifted the burden of proof to Appellant.”
We do not interpret the lower court’s reasons for judgment the way appellant has interpreted them. A fair reading of the testimony of all five witnesses, including Gleta and Carlo, shows that Gleta proved that she was free from fault in the termination of the marriage. Carlo was granted the divorce on the basis of La.R.S. 9:301, which authorizes either spouse to obtain a judgment of absolute divorce “when the spouses have been living separate and apart continuously for a period of one year or more.”
This court observed in Steib v. Steib, 469 So.2d 20 (La.App. 1st Cir.1985) and Rodrigue v. Rodrigue, 424 So.2d 1185 (La. App. 1st Cir.1982) that the spouse seeking permanent alimony provided for by La.C.C. art. 160 “bears the burden of proving freedom from fault.” 469 So.2d at 22 and 424 So.2d at 1187.
In Steib, supra, Judge Crain, for the Court, reasoned, in part, as follows:
... The fault alluded to in La.C.C. art. 160 has been interpreted by this court to be misconduct of a serious nature which is an independent contributory cause of the dissolution of the marriage_ Although fault is not an issue to be determined in a divorce under La.R.S. 9:301, fault becomes an issue where one of the spouses claims permanent alimony. The La.C.C. art. 160 fault preclusion to permanent alimony applies where a spouse claims permanent alimony in divorce proceedings under La.R.S. 9:301. LeBlanc v. LeBlanc, 362 So.2d 568 (La.1978); Brister v. Brister, 402 So.2d 173 (La. App. 1st Cir.1981).
In Pearce v. Pearce, 348 So.2d 75 (La. 1977), the Supreme Court, per Marcus, J., made it clear that the spouse claiming permanent alimony under La.C.C. art. 160 is not required to qualify for a halo as a prerequisite to entitlement, observing that:
... A [spouse] is not deprived of alimony after divorce simply because [he or] she was not totally blameless in the marital discord.... We have recognized that a trial court’s findings of fact on the issue of a [spouse’s] “fault” will not be disturbed on appeal unless found to be manifestly erroneous.... In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demean- or of the witnesses is in the better position to rule on their credibility.... The factual findings of the trial court are therefore to be accorded very substantial weight on review_ 348 So.2d at 77-78. (Brackets and ellipsis ours.)
Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App.3d Cir.1981) dealt with the issue of burden of proof of entitlement to permanent alimony, in part, as follows:
Fault for purposes of permanent alimony preclusion is synonymous with the fault grounds for separation and divorce under LSA-C.C. Articles 138 and 139. Adams v. Adams, 389 So.2d 381 (La. 1980); ... The [spouse claiming alimony] bears the burden of proving [his or] her *377 freedom from fault in order to be entitled to alimony following divorce.... 407 So.2d at 1365. (Brackets supplied.)
The trial court in the present case did not place the burden on Carlo to prove that Gleta was guilty of legal fault as that term is used in the ease law above. Appellant’s perception that the burden of proof was shifted to him does not conform to the realities of the present case. Thus, the first assignment of error is without merit.
The trial judge awarded Gleta permanent alimony in the amount of $250 per month. Whether a spouse who seeks permanent alimony “has not sufficient means for support” is to be determined by the circumstances of each particular case as is the amount necessary for maintenance of a divorced spouse. Pearce v. Pearce, 348 So.2d 75, 78 (La.1978). As we stated in Rodrigue, supra,
... [T]he trial judge is vested with much discretion in determining an appropriate amount of alimony. Only if the judge has abused his “much discretion” and gone beyond the acceptable range of alimony awards, given the circumstances of the parties, is the award to be adjusted or reversed.
We are unable to say that the trial judge abused his discretion in the present case in fixing the alimony award at $250 per month. The second and third assignments of error are without merit.
For the foregoing reasons the judgment of the trial court is affirmed. Appellant, Carlo S. Bonura, is cast for all costs in the trial court and on appeal.
AFFIRMED.