WILLIAMS, Judge.
This is an appeal from a district court judgment awarding appellee Sharon Litwin permanent alimony.
Dr. Martin Litwin and Sharon Litwin were divorced on October 18, 1984. Thereafter Sharon Litwin filed a rule to fix permanent alimony. After a trial on the merits the district court rendered judgment in favor of Sharon Litwin awarding Sharon Litwin alimony of $1,000 per month. Martin Litwin appeals from that judgment alleging that the trial court erred in awarding permanent alimony.
Sharon Litwin is employed as a newspaper reporter. Her testimony revealed that she earns a monthly gross income of $2,742.95 and a net income of $1,816.19. Sharon Litwin lives in the community home, unencumbered by any lien or mortgage. Testimony at trial indicated that Dr. Litwin earned a gross monthly income of $8,026.24. In addition there was evidence that Dr. Litwin in his position as a medical professor, earns a gross yearly salary of $96,315.00, as well as several thousand dollars a year from lectures and other outside activities.
Appellant Dr. Martin Litwin contends that Sharon Litwin has sufficient means to support herself and that in determining the amount of the alimony award the trial court considered expenses which are not compensable under Article 160 of the Louisiana Civil Code. We agree that Sharon Litwin has sufficient means to support herself and that the trial court erred in awarding her permanent alimony.
*844 La. Article 160 of the Louisiana Civil Code governs the award of permanent alimony and reads in part:
A. When a spouse has not been at fault and has not sufficient means of support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the grounds that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; and any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances....
In determining whether the claimant spouse is entitled to alimony the court must just consider what is necessary for maintenance:
“Maintenance” includes the basic necessities of life, such as food, clothing and shelter. Included under “maintenance” would be necessary transportation, auto expenses, medical and drug expense, utilities, household expense and income tax liability resulting from the payment.
“Maintenance” does not include newspapers, gifts, children’s allowance and dog care nor does it include maid service, recreation, pleasure trips and vacations, church contributions or tithes, nor does it include life insurance.
Vorisek v. Vorisek, 428 So.2d 758 (La.App. 4th Cir.1982) (citations omitted).
We have reviewed the expenses submitted by Sharon Litwin. In order to determine her needs, we must consider reasonable expenses for food, clothing, housing (including utilities and other household expenses), transportation, and medical care. Ducote v. Ducote, 339 So.2d 835 (La.1976).
It is clear from the record that the trial court incorrectly considered temple dues, books, and entertainment costs as compensable expenses. Furthermore, the trial court was in error in considering expenditures for reading material and personal grooming.
We have also reviewed the award in view of Sharon Litwin’s claims for travel and medical expenses. We find that the allowance of $250 a month for travel expenses to be excessive. This amount includes pleasure trips and vacations (plaintiff receives compensation for business-related travel), which are not compensable. We are aware that a portion of this money is used for Sharon Litwin’s annual trip to England to visit her parents. The law, however, does not allow us to consider this as a necessity. Also the evidence at trial simply does not support an award of $100 for medical expenses. Plaintiff has medical insurance and the amount she has had to expend in this area has been minimal to date.
Sharon Litwin lives in the former community home unencumbered by rent or mortgage. Considering the circumstances, we are obligated to hold that it was a clear abuse of the trial judge’s discretion to award alimony.
We believe that we have been more than generous in our determination of compen-sable expenses necessary for Sharon Lit-win’s maintenance. Considering that amount in conjunction with her salary, it is *845 clear that she is not in necessitous circumstances and, therefore, not entitled to alimony. Although there may exist a disparity between Sharon Litwin’s present income and that of Dr. Litwin, we cannot consider it in determining whether she is entitled to alimony.
For the foregoing reasons, the decision of the trial court granting Sharon Litwin alimony is reversed.
REVERSED.
ARMSTRONG, J., dissents.