527 So.2d 481 (1988)
Roger P. RICHARD
v.
Jeanette M. RICHARD.
No. 88-CA-129.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
Kenneth C. Fonte, Harahan, for plaintiff-appellee.
Gibson Tucker, Jr., New Orleans, for defendant-appellant.
Before KLIEBERT, BOWES and WICKER, JJ.
KLIEBERT, Judge.
This appeal by the former wife, Jeanette M. Richard, is from that portion of a divorce judgment which orders the former husband, Roger P. Richard, to make permanent *482 periodic alimony payments of $645.00 per month for her living expenses. The judgment also ordered the husband to pay as an alimentary obligation, with no right to reimbursement, the mortgage note, principal and interest, insurance and taxes (totalling $1,190.92) on the community home occupied by the wife. Prior to the divorce the total alimony pendente lite award was fixed by consent at $4,120.00, with the wife being obligated to pay the mortgage note, taxes and insurance on the community house, leaving for her living expenses $2,930.00. Her counsel argues that the permanent alimony award should not be reduced below one-third of the husband's income. He computes such an award to be $3,059.00. The husband did not appeal or answer the appeal. He filed a brief with this court. For the reasons hereinafter stated, we find the award of $645.00 for living expenses is inadequate to meet the wife's needs. We amend the judgment to raise the award for living expenses to $1,200.00 and as thus amended, affirm the judgment.
Permanent periodic alimony under LSA-C.C. Article 160 is limited to an amount sufficient for the spouse's maintenance, which includes such basic necessities as food, clothing, shelter, transportation, medical services, utility services, and household supplies; it does not include such luxuries as gifts, allowances, life insurance, cable television, vacations and newspapers. Litwin v. Litwin, 501 So.2d 843 (4th Cir.1986) writ denied 502 So.2d 578; Fusilier v. Fusilier, 464 So.2d 1068 (1st Cir.1985); Anderson v. Anderson, 441 So.2d 413 (4th Cir.1983). Further, a trial court has much discretion in fixing the amount of alimony, and the award will not be disturbed unless there is a clear showing of abuse of discretion. Hegre v. Hegre, 483 So.2d 920 (La.1986); Gros v. Gros, 463 So.2d 37 (5th Cir.1985) writ denied 464 So. 2d 303.
Mr. Richard owns a 9.8 percent interest in and is an executive vice-president for Quast and Company. His income from his base salary, bonuses, interest and fringe benefits exceeded $100,000.00 in 1986. His current base salary of $7,000.00 per month nets an after tax, take home pay of $5,194.18, and his annual bonus and director's fee provides an additional $1,416.00 per month. When interest income and fringe benefits are considered, Mr. Richard's take home pay exceeds $6,700.00 per month. Mr. Richard lists personal monthly expenses of $4,192.08, including a $1,606.68 "Reserve for Taxes", which is unusual because Richard received a tax refund for each of the years 1982-1986. He offered no explanation as to why the reserve was necessary. The monthly excess of income over personal expenses is $2,508.92.
Mrs. Richard is forty-four years old and has a high school education. She was employed as a clerk/typist by a local bank prior to and during the first year of marriage. During the next twenty-three years her only employment was as a part-time "brush-up" artist for her brother, a professional photographer. After her legal separation Mrs. Richard was briefly employed as a member of a Jefferson Parish Anti-litter Board at a salary of $1,400.00 per month. The position was abolished by the Parish Council, and Mrs. Richard has had trouble finding another job because of her limited educational experience. She expressed a desire to attend a two-year training program in interior design. Mrs. Richard currently has no other source of income other than alimony, and the only assets she possesses are listed as her car and her interest in the former community residence. The parties apparently have yet to partition the assets of the former community.
Mrs. Richard submitted an unsigned monthly expense statement, prepared in anticipation of the pendente lite rule, and informed the court that her expenses had not changed since that time. The statement listed no monthly income and the following expenses:
*483 
By her own admission, Mrs. Richard's list of expenses included substantial sums which were spent on food, clothing, medical services, and insurance for her adult children. The needs of adult children should have no influence in determining alimony. Green v. Green, 432 So.2d 959 (4th Cir.1983); Laporte v. Howell, 452 So. 2d 420 (3rd Cir.1984); Vorisek v. Vorisek, 423 So.2d 758 (4th Cir.1982). The miscellaneous expense of $520.00 per month includes some items which are not includable as "maintenance," Litwin, supra; Fusilier, supra, and Mrs. Richard admitted that "household repairs" are paid out of an apparently still existing joint checking account.
Considering Mrs. Richard's needs, we believe the $645.00 per month cash award for living expenses is grossly inadequate. By the same token, we believe Mrs. Richard's list of expenses is inflated and includes luxury items as well as necessities. In our opinion, since she has no lodging expenses, we believe the sum of $1,200.00 would adequately meet her needs for living expenses. Accordingly, since the husband has sufficient means to meet her needs, we amend the trial court's judgment by increasing the amount of the periodic permanent alimony payments to $1,200.00 per month and as thus amended, affirm the judgment. Each party is to bear his own cost of the appeal.
AMENDED AND, AS AMENDED, AFFIRMED.