610 So.2d 923 (1992)
Elizabeth Jane Van Debogart ALFORD, Plaintiff,
v.
Robert Alan ALFORD, Defendant.
No. CA 91 1755.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
*924 Chester Boyd, Baton Rouge, for plaintiff-appellee, Elizabeth Jane Van D. Alford.
Richard Anderson, Baton Rouge, for defendant-appellant, Robert Alan Alford.
Before CARTER, LEBLANC and FOIL, JJ.
CARTER, Judge.
This is an appeal from a judgment of the trial court awarding permanent alimony of $600.00 per month.

FACTS
Robert Alan Alford and Elizabeth Jane Van DeBogart Alford were married on February 6, 1982. The parties physically separated on October 28, 1988, and Mrs. Alford filed a petition for separation on November 8, 1988, seeking a separation based on cruel treatment and abandonment and requesting incidental relief.[1] Thereafter Mr. Alford filed an answer and reconventional demand seeking a separation based on cruel treatment. On April 6, 1990, Mrs. Alford filed a supplemental and amending petition adding a claim for divorce based on living separate and apart for more than one year. On March 6, 1991, Mrs. Alford filed a second supplemental and amending petition adding a claim for permanent alimony and alleging that she was free from fault.
The matter was tried on March 15, 1991. The parties had not reconciled, and the divorce was granted, leaving as the only issue the post-divorce alimony requested by Mrs. Alford. The trial judge found Mrs. Alford to be free from fault and fixed permanent alimony in the amount of $600.00 per month, retroactive to March 1, 1991. The payments were to be made in equal installments on the first and fifteenth days of each month. A judgment in accordance with this finding was rendered *925 on March 15, 1991, and signed on March 26, 1991. From this judgment, Mr. Alford appeals contending that the trial court erred in awarding the sum of $600.00 per month alimony and in making it retroactive to March 1, 1991.

DISCUSSION
Article 112A(1) of the Louisiana Civil Code provides, in pertinent part, as follows:
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income.
In his first assignment of error, Mr. Alford contends the trial court erred in finding that Mrs. Alford did not have sufficient means for her support.
Mrs. Alford is a self-employed artist who works at home making designs out of exotic woods. She has been in the business since December of 1987, participating in various arts and craft shows, as well as taking custom orders.
It is well settled that the party seeking alimony has the burden of proving necessitous circumstances or insufficient means for his maintenance. Kean v. Kean, 388 So.2d 398, 400 (La.App. 1st Cir. 1980). In determining whether a former wife is entitled to post-divorce alimony, the criteria is whether the wife has sufficient means for her support, not whether she has some means for her maintenance. Vorisek v. Vorisek, 423 So.2d 758, 764 (La. App. 4th Cir.1982).
The court heard testimony concerning Mrs. Alford's self-employment as a craftswoman and the amount of income the craft sales brought in previous years. Mrs. Alford testified that the income from her business fluctuated from year to year, but that she averaged approximately $300.00 per month from her sales during 1990. The court took into consideration the fact that Mrs. Alford suffered a theft just before her major craft show of that year and noted that her income should "work out to be a little bit more" in the following years.
The testimony also established that Mr. Alford, an employee of Exxon Corporation, earned approximately $45,000.00 annually. Mrs. Alford maintained exclusive use of the family home and paid the joint obligation monthly mortgage note of $500.00 on many occasions from 1988 through trial without assistance from Mr. Alford, despite the agreement Mr. Alford signed on January 13, 1989, agreeing to pay all community debts. Mrs. Alford submitted an uncontroverted expense sheet revealing a monthly need of $1265.00. In his oral reasons, the trial judge noted that Mrs. Alford was very "reasonable," "honest," and "minimal" in assessing her needs. He also stated that even if Mrs. Alford's income increased from the prior year, "she is short." The court found that Mrs. Alford's means were insufficient to support her needs and, thus, awarded the $600.00 per month figure as permanent alimony. We cannot say that the trial court erred in this finding.
Secondly, Mr. Alford argues that the trial court failed to properly consider Mrs. Alford's earning capacity in determining the alimony award.
The wife's earning capacity is a proper consideration in awarding alimony. Siciliani v. Siciliani, 552 So.2d 560, 564 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 40 (La.1990); Vorisek v. Vorisek, 423 So.2d at 762; White v. White, 393 So.2d 240, 241 (La.App. 1st Cir.1980). Although earning capacity is a consideration for awarding alimony, it is only one consideration, and, taken alone, it is not a proper basis for rejecting an award of alimony. Super v. Super, 397 So.2d 1084, 1086 (La. App. 4th Cir.), writ denied, 399 So.2d 583 (La.1981). While earning capacity is a consideration in determining entitlement to and the amount of alimony after divorce, it does not necessarily follow that a spouse should be required to take employment of any nature immediately following divorce; difficulty in finding employment suitable for spouse's age, training, and ability is also a proper consideration. Johnson v. Johnson, 452 So.2d 322, 324-25 (La.App. *926 4th Cir.), writ denied, 458 So.2d 486 (La. 1984).
The trial judge did consider Mrs. Alford's earning capacity, along with other factors in setting the award. Testimony at trial revealed that Mrs. Alford was previously employed as a receptionist by Highland Cabinets and Millworks. She worked in the front office mainly doing cabinet estimating and laying out for the builders. Mrs. Alford worked there until December of 1987. She noted that she left the employment on good terms and that the owner of the business was a personal friend. When asked on cross-examination whether she could go back to work there, Mrs. Alford stated that her position had since been filled. She stated, however, that she could possibly go back to work there doing cabinet construction, but it would be quite difficult for her physically. (She was nearly forty years old and would be required to throw "runs of cabinets" and haul lumber.) Mrs. Alford testified that she had an "established business" with an "established reputation" with her craft work. There was no evidence regarding other available employment for Mrs. Alford, other than the fact that she had once worked for Highland Cabinets and Millworks and could possibly go back to work there doing cabinet construction work.
Obviously, Mrs. Alford has utilized her talents as an artist for a career. She is pursuing that career full-time through self-employment in her home, which has afforded her some income, although presently insufficient to meet her basic needs. See Johnson v. Johnson, 452 So.2d at 324-25, where rejection by wife, who was a self-employed artist, of one employment opportunity in teaching art could not be said to establish lack of fulfillment of earning capacity to preclude her from receiving alimony. Although Mr. Alford argues that Mrs. Alford possesses marketable skills entitling her to greater income, we cannot say that her failure to seek employment outside of her craft business precludes her from receiving alimony. Under these circumstances, we find no merit in this assignment of error.
In his third assignment of error, Mr. Alford contends that the $600.00 per month alimony award is excessive.
LSA-C.C. art. 112 provides that permanent periodic alimony shall not exceed one-third of the payor-spouse's income. In evaluating "income" within the meaning of this codal article, the trial judge considers both gross and net income. Fusilier v. Fusilier, 464 So.2d 1068, 1070 (La.App. 1st Cir.1985); Rodrigue v. Rodrigue, 424 So.2d 1185, 1188 (La.App. 1st Cir.1982). Although gross income may be the proper figure in some cases, the amount awarded is determined in light of all the circumstances of record. Johnson v. Johnson, 452 So.2d at 325. An award of alimony may be modified or reversed only when the trial court has abused its discretion and gone beyond the range of acceptable awards. Fusilier v. Fusilier, 464 So.2d at 1070; Griffin v. Griffin, 457 So.2d 790 (La.App. 1st Cir.1984); Super v. Super, 397 So.2d at 1086.
Mr. Alford testified that he earns approximately $45,000 annually. It is clear that this $600.00 per month award does not exceed one-third of Mr. Alford's annual income. The trial judge considered Mr. Alford's gross income, along with other factors in compliance with LSA-C.C. art. 112, in assessing the amount of alimony to be awarded to Mrs. Alford. Among the factors considered were the income, means, and assets of both parties, as well as the financial obligations of both parties. A review of the record convinces us that the trial judge did not abuse the much discretion vested in him in fixing the alimony award. Therefore, we find this assignment of error to be without merit.
Finally, Mr. Alford contends that the court erred in making the permanent alimony award retroactive to March 1, 1991, since Mrs. Alford first requested permanent alimony on March 6, 1991, in her second supplemental and amending petition.
The retroactivity of alimony orders is addressed in LSA-R.S. 9:310 as follows:
A. An award for child support or alimony shall be retroactive to the filing *927 date of the petition for child support or alimony granted in the order.
B. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
A trial judge has much discretion in ordering support payments to begin as early as the date the petition was filed or as late as the date of the rendition of judgment. Watson v. Hampton, 569 So.2d 635, 636 (La.App. 2nd Cir.1990). See Hogan v. Hogan, 549 So.2d 267, 270-71 (La.1989); LeFebvre v. LeFebvre, 589 So.2d 66, 68-69 (La.App. 1st Cir.1991); Lindner v. Lindner, 569 So.2d 173, 176-77 (La.App. 1st Cir.1990).
In the instant case, the judgment which was rendered on March 15, 1991, and signed on March 26, 1991, provided as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Robert Alan Alford, shall pay alimony to Elizabeth Jane Van DeBogart Alford in the sum of Six Hundred and No/100 ($600.00) Dollars per month payable on the first and fifteenth of each month commencing March 1, 1991. Said award retroactive until March 1, 1991 with the amount due being hereby made executory. (Emphasis added.)
In his oral reasons for judgment, the trial judge noted that the payments would be "retroactive to the date of filing, and that's March 1st...." The record indicates, however, that Mrs. Alford filed her second supplemental and amending petition making a demand for permanent alimony on March 6, 1991. It is clear that the trial judge intended the award to be retroactive to the date of filing. Therefore, the judgment of the trial court will be amended to reflect that the alimony award is retroactive to March 6, 1991.

CONCLUSION
For the above reasons, the judgment of the trial court is amended to make the permanent alimony award retroactive to March 6, 1991 (the date of filing). In all other respects, the trial court judgment is affirmed. Costs of this appeal are assessed against both parties equally.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The parties entered into a stipulation on January 13, 1989, whereby Mrs. Alford was granted the exclusive use of the matrimonial domicile; Mr. Alford agreed to pay all community debts and agreed to maintain medical and health coverage for Mrs. Alford as long as it was available through his employer.